Mark C. Peters, Esq., San Francisco, CA, John A. Furutani, Esq., Furutani & Peters, Pasadena, CA, for Plaintiff–Appellant.

Claudette G. Wilson, Aaron A. Buckley, Esq., Wilson Petty Kosmo and Turner, San Diego, CA, for Defendant–Appellee.

**Steve QUAN, M.D., Plaintiff— Appellant,**

v.

**SMITHKLINE BEECHAM CORPORA-TION, d/b/a GlaxoSmithKline, Defendant—Appellee.**

No. 03–56929.

D.C. No. CV–02–07657–NMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2005.

Decided Oct. 3, 2005.

Before GRABER, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Plaintiff Steve Quan appeals from the district court's grant of summary judgment in favor of Defendant on his FEHA disability discrimination claim. On de novo review, *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), we affirm.

1. Defendant argues that, as part of his prima facie case, Plaintiff must prove that he was qualified for the position. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (2000). Plaintiff argues that, under *Green v. State,* 132 Cal.App.4th 97, 33 Cal.Rptr.3d 254, 256 (2005), Defendant bears the burden of proving that Plaintiff cannot perform the essential functions of the job. We need not decide who has the burden here because it is undisputed that Plaintiff does not meet the minimum qualifications for the position and he does not challenge the validity of those qualifications.

2. Plaintiff argues that Defendant may not rely on evidence that his resume was fraudulent because Defendant did not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

learn of his wrongdoing until discovery in this litigation. However, after-acquired evidence may be used when the employer contests liability on the ground that the plaintiff was never qualified for the job in the first place. *Finegan v. County of Los Angeles,* 91 Cal.App.4th 1, 109 Cal.Rptr.2d 762, 768 (2001).

3. Finally, even if Plaintiff were qualified and even if the after-discovered fraud were not relevant, he was terminated for legitimate business reasons, to wit, his erratic behavior and reckless driving during the training program. There is no evidence that Defendant's reasons were pretextual.

4. Plaintiff also appeals from the district court's grant of summary judgment in favor of Defendant on his claims for breach of implied-in-fact contract and of the covenant of good faith and fair dealing. Plaintiff signed a letter stating that his employment with Defendant was at-will and that this status could be changed only with express authority. Plaintiff offers no evidence of an implied contract sufficient to overcome the terms of that express written agreement. *Guz,* 100 Cal.Rptr.2d 352, 8 P.3d at 1103 n. 10. Because the implied covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement," *id.* at 1110, there is no basis to sustain Plaintiff's claim.

5. Finally, Plaintiff appeals from the district court's denial of leave to amend the complaint to include a claim under California Government Code § 12940(f). Once a district court issues a pre-scheduling order setting a deadline for amending pleadings, that order "shall not be modified except upon a showing of good cause." Fed. R.Civ.P. 16(b). Because the facts underlying Plaintiff's section 12940(f) claim were known at the inception of the action, more

than a year before he sought leave to amend, Plaintiff has not shown good cause. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294–95 (9th Cir.2000).

AFFIRMED.